**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Mark Erich, *et al.*

                 Plaintiffs,

v.

Herman Jones, in his official capacity as
the Superintendent of the Kansas
Highway Patrol, *et al.,*

                 Defendants.

Case No. 20-CV-01067

## Opposition to Motion to Permit
## Remote Testimony (Doc. 46)

Defendant Jones opposes Plaintiffs' motion that trial testimony from (a) Suzanne Dunn and (b) Daniel Kelly should be presented via zoom conferencing and not in open court. Plaintiff has not shown "good cause in compelling circumstances," Fed. R. Civ. P. 43(a), to permit testimony by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a) begins with the direction that: "At trial, the witness testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules or other rules adopted by the Supreme Court provide otherwise." Plaintiffs do not claim remote testimony is proper as a matter of course under a federal statute, the Federal Rules of Evidence, rules adopted by the Supreme Court. They ask for remote presentations of evidence under Rule

1

43(a)'s exception: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.*

The rule reflects the policy judgment favoring having witnesses travel to court to testify in person. First, the Advisory Committee emphasized the effect of the courtroom setting on the witness, stating that "[t]he very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." Fed. R. Civ. P. 43(a), advisory committee's note (1996). Second, the Advisory Committee pointed to the benefits that live, in-person testimony provides to the factfinder, stating that "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.*

As modern technologies improve, the justifications for the policy judgment underlying the preference in court testimony may be debated. But, although the application of Rule 43(a)'s exception is left to the sound discretion of the trial court, as Judge Crabtree stated: "this discretion doesn't mean trial courts are free to do whatever they want." *Kraan Invs. (USA) LLC v. Tarpenning*, No. 20-2538-DDC, 2022 WL 843491, at *1 (D. Kan. Mar. 22, 2022). In this context, the Tenth Circuit emphasized "plaintiffs' motion requires them to establish 'good cause in compelling circumstances' to deserve the permission they seek." *Id., citing* Fed. R. Civ. P. 43(a); *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019).

In *Eller v. Trans Union, LLC*, 739 F.3d 467 (10th Cir. 2013), the Tenth Circuit quoted the Advisory Committee Notes to Rule 43(a) approvingly, noting that "the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of 'unexpected reasons, such as accident or illness' and not when it is merely 'inconvenient for the witness to attend the trial.'" *Id.* at 478. The Advisory Committee Notes also provide:

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other--and perhaps more important--witnesses might not be available at a later time.
>
> Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. ...
>
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43(a), advisory committee's note (1996).

1.  *Plaintiffs have not shown good cause in compelling circumstances for remote testimony from Suzanne Dunn.*

Ms. Dunn's anticipated testimony concerns a traffic stop and canine sniff that happened on February 5, 2021. Former KHP Trooper Chandler Rule was deposed about the Dunn stop/canine sniff/search and this testimony has been designated for presentation at trial. Rule felt he had reasonable suspicion to detain Dunn for a canine sniff, but he requested consent to search the trunk of her rented car. She did not agree to the search, but readily consented to a dog sniff. The dog alerted to a narcotic odor. The vehicle was then searched. Nothing was found. Likely, the narcotic odor in the truck was from a previous rental. Dashcam video of the stop, canine sniff and search is a listed exhibit for trial.

Plaintiffs argue Dunn will suffer "extreme hardships" if required to testify in person at trial. They do not claim Dunn is unable or even unwilling to attend in person. The advisory committee's note envisions that this is the usual, if not required, predicate for remote testimony.[1] Moreover, travel expense and time, and separation from work are the very inconvenience that does not support compelling circumstances required by Rule 403(a). Otherwise, the exception swallows the rule and defeats the policy judgment supporting live testimony.

---

[1] This was a controlling factor in the Court's decision to permit remote testimony of treating doctors in the case cited by Plaintiffs. *See Martinez v. Cont'l Tire the Americas, LLC*, No. 117CV00922KWRJFR, 2022 WL 2290597, at *2 (D.N.M. June 24, 2022).

The issue about Dunn's patient treatment schedules existed when Dunn was first identified as a witness on March 4, 2021 (Third Amended Rule 26 Disclosures, the notice of service is Doc. 122), when the case was set for trial to begin September 6, 2022. D0c. 135. It was also present when the case was reset for trial to commence on February 6, 2023. Doc. 202. If Dunn was willing to attend trial in person on those dates—as plaintiffs assert—patient treatment rescheduling cannot be justification for remote testimony now.

Moreover, no evidence is presented that there are scheduled appointments which conflict with when she would travel and testify; and no evidence that any such appointments cannot be rearranged to avoid negatively impacting her patients.[2]

Plaintiffs should have anticipated that Dunn would prefer not to attend trial in Kansas, and could have taken her deposition before the close of discovery. They certainty should have reasonably foreseen that the issue about her patient treatment schedules might cause her to later baulk at being required to provide live testimony even if she had provided earlier contrary assurances.

Prejudice is not the applicable Rule 403(a) standard. Yet, it is true that defendants fear Dunn's cross-examination will not be as effective if she testifies

---

[2] Plaintiffs do not attempt to document the scope of the disruption on Dunn's work schedule. Presumably plaintiffs can present Dunn's testimony on Monday morning, May 1, to permit her return to Virginia that Monday.

remotely.[3] Furthermore, the facts of the Dunn traffic stop/dog sniff/search will be presented without Dunn's testimony—assuming she chooses to not appear at trial. Moreover, Dunn consented to the canine sniff which resulted in alert to the odor of narcotics. Her experience is not relevant to show the alleged unconstitutional "policy or practice of detaining drivers using state residency and innocent indicia," see Doc. 290, Pretrial Order, at 39.

> ### 2. *Plaintiffs have not shown good cause in compelling circumstances for remote testimony from Daniel Kelly*

Mr. Kelly's anticipated testimony concerns a traffic stop and canine sniff that happened on February 5, 2021. Trooper James McCord stopped a rental vehicle driven by Kelly. The vehicle was subjected to a dog sniff based upon the trooper's reasonable suspicion, and then searched after the dog alerted to the odor of narcotics. A small amount of substance that looked like marijuana and a battery, seemingly drug paraphilia, were located in the search. Kelly denied that the substance and battery were his, so the troopers took and discarded it.

---

[3] It should be noted that Defendant has not been unaccommodating to similar requests when concerns about possible prejudice have not been involved. Defendant agreed that Mr. Aden would testify remotely. But the Court will have seen him testify in person twice before the bench trial. Defendant also agreed that certain named plaintiffs would not need to remain for the bench trial after they present their testimony.

Plaintiffs argue Kelly will suffer "extreme hardships" if required to testify in person at trial. As with Dunn, they do not claim he is unable or even unwilling to attend in person.

The Court set the subject bench trial to commence April 24 or May 1, 2023 on February 21, 2023 (Case No. 20-1067, Doc 34). Plaintiffs maintain their counsel first learned of Kelly's circumstances that pose "extreme hardship[ ] for [him] to appear in person at the May 1 trial" the week of March 27, 2023. Doc. 471, p. 2. Regarding Kelly, they stated he lives in California and just started a new job two months ago does not have sufficient leave accrued. *Id.*, p.3. The start date for the new job is not specified, but apparently it was in early February 2023 just before or after the long-scheduled February 6, 2023 trial setting [before separate trials were ordered]. Without providing an evidentiary support, Plaintiffs maintain Kelly's live testimony "could negatively impact his employment" and "poses a risk of negative consequences if [he] misses work. *Id.,* p. 5 (emphasis added).[4]

The claimed compelling circumstances are too speculative for Plaintiffs to have met their burden to justify remote testimony. The name of the employer is

---

[4] Plaintiffs say that Kelly is scheduled to work the week of May 1 and that there is a live social media publications event that he is to participate in as a project team leader during the week. The exact date(s) of the event are not specified. Nor is there an explanation provided why Kelly must be in California to participate in the event.

not disclosed. There is no statement that Kelly has been denied permission to attend the trial live. The disruption to Kelly's work obligation from travel to and from Kansas is not detailed. For example, plaintiffs can present Kelly's testimony on Monday morning, May 1, to permit his return to California that Monday or early Tuesday.

Plaintiffs should have anticipated that Kelly, as a California resident, would prefer not to attend trial in Kansas notwithstanding earlier assurances that he would come to Kansas. They certainty should have reasonably foreseen that the issue about Kelly's employment, as people frequently change jobs in our modern economy, might cause Kelly to later baulk at being required to provide live testimony. They could have taken his deposition before the close of discovery.

Again, prejudice is not the applicable Rule 403(a) standard. And, again, defendants fear Kelly's cross-examination will not be as effective if he testifies remotely. Furthermore, the facts of the Kelly traffic stop/detention/dog sniff/search can be presented without Kelly's testimony–assuming he chooses to not appear at trial. Trooper McCord is a listed witness. The dashcam video is a listed exhibit.

## Conclusion

Because it is not claimed that Dunn and/or Kelly will not appear live, this motion appears to be an attempt to placate the witnesses' desire to not be

inconvenienced. Understandable, Plaintiffs' counsel has asked. But the answer should be no. Plaintiff's motion should be denied.

Respectfully submitted,

OFFICE OF KANSAS ATTORNEY
GENERAL KRIS KOBACH

/s/ Arthur S. Chalmers
Arthur S. Chalmers #11088
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone: 785-368-6244
FAX: 785-291-3767
Email: art.chalmers@ag.ks.gov
*Attorneys for Defendant Jones*

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of April, 2023, I electronically sent a copy of Opposition to Motion to Permit Remote Testimony (Doc. 471) to all counsel of record.

s/Arthur S. Chalmers
Arthur S. Chalmers