**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Blaine Franklin Shaw, *et al.*, | |
| *Plaintiffs*, | |
| v. | **Case No. 19-1343-KHV-GEB** |
| Herman Jones in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*, | |
| *Defendants*. | |
| MARK ERICH, *et al.*, | |
| *Plaintiffs,* | |
| v. | **Case No. 20-1067-KHV-GEB** |
| HERMAN JONES, *KHP Superintendent,* | |
| *Defendant.* | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT JONES'S FINAL WITNESS AND EXHIBIT DISCLOSURES**

Pursuant to the Court's Order Regarding Pretrial Deadlines for Bench Trial (Doc. # 461), Plaintiffs hereby submit the following objections to Defendant Herman Jones's Final Witness and Exhibit Disclosures:

| | *Name and Contact Information* | *Subject matter and Synopsis of facts* | **Plaintiffs' Objection** |
|---|---|---|---|
| 1 | Brent Hogelin, KHP [expect to call] | KHP organization, trooper training (including at the KHP academy), required certifications and continuing education; trooper supervision; and KHP policies. A synopsis is in Case No. 6:19-CV-01343, Doc. 296-2, incorporated here. | **Plaintiffs do not object to the testimony of Brent Hogelin as to the categories listed.** |
| 2 | Herman Jones, KHP [expect to call] | KHP organization (including trooper supervision), KHP's PSU and the absence of the alleged unconstitutional policy or practice. Jones is expected to testify about his position with the KHP, its accreditations, its troopers' law enforcement certifications continuing education requirements. He will describe the training academy and its role in training trooper and the continuing education and training provided to troopers annual and additional training and education provided to troopers. He will describe KHP policies that are applicable to the issues in the case and how policies are developed, reviewed and updated. He will describe the KHP supervision and discipline, where appropriate, of troopers. He will testify that it is contrary to KHP's policy and training for troopers to (a) conduct or direct a "canine[ sniff of a] vehicle for drugs based solely on [the trooper's] belief that the driver is traveling to or from Colorado"; (b) extend a vehicle stop and/or search a | **Plaintiffs object to testimony regarding accreditations and certifications as irrelevant under FRE 403 and the Court's prior order (Doc. # 466). Plaintiffs further incorporate their objections to trooper awards, commendations, and honors at Doc. 367.**<br><br>**Plaintiffs also object to testimony regarding "supervisor data" as no such data was produced in this case and there is no testimony or evidence in the record that such data is created and/or collected.** |

KC 20251929.1

vehicle based only on "a driver's travel origin or destination"; (c) include the state citizenship as a permissible basis upon which to justify a detention and search of out-of-state motorists, and to detain motorists for nothing more than an out-of-state license plate. He will testify it is contrary to KHP's policy and training for troopers to block a vehicle or otherwise engage in a non-voluntary encounter with a motorist, absent probable cause/reasonable suspicion, after a traffic stop has completed. Jones will describe PSU's functions as impartial fact-finding unit whose primary purpose is to safeguard and enhance the integrity of the agency. Jones testify that he does not have any knowledge that KHP trooper use a "Two-Step" to obtain consent for a prolonged detention that would not otherwise be valid and in the hopes of eliciting additional information to support an officer's reasonable suspicion. Further, that such conduct violates KHP training and policy. Jones will testify that he does not have any knowledge that troopers are considering the destination or origin city or state as the only basis for reasonable suspicion or in combination with other facts that in the totality of the circumstances do no support reasonable suspicion. Further, that such conduct violates KHP

| | | training and policy. Jones will testify that through PSU and supervisor data regarding troopers' operation is reviewed to determine if problematic trooper behavior, lack of compliance with training, or other issues that could result in Constitutional violation are present and should be addressed. | |
|---|---|---|---|
| 3 | Dax Lewis, KHP [expect to call] | KHP records. Lewis will testify to the collection and search for records that he requested and, at a high level, supervised about digiTicket data, contraband seizures, the motorists listed in Plaintiffs' Rule 26 disclosures, to include the absence of KHP records regarding certain alleged traffic stops.<br>He will identify the Dunn stop dashcam video if Plaintiffs present testimony regarding the Dunn stop. | **Plaintiffs object to testimony from Dax Lewis regarding "the collection and search for records that he requested" as it is unclear what records Lewis requested. Plaintiffs further object to testimony regarding "digiTicket data, contraband seizures, the motorists listed in Plaintiffs' Rule 26 disclosures" as irrelevant under Rule 403, as Plaintiffs are not putting on testimony regarding many of the individuals listed in prior Role 26 disclosures, and therefore, evidence regarding their stops has no role in this case.** |
| 4 | Sarah Washburn, KHP [expect to call] | KHP trooper training. She is expected to describe her training methods and the substance of her training regarding traffic stops and post-stop detentions and identify/discuss her training materials related to complying with the Fourth Amendment in traffic stops, detentions, search or seizures. | **Plaintiffs incorporate the objections raised in their prior Motion in Limine regarding Ms. Washburn's testimony (Doc. #371), and the Court's ruling on same (Doc. ##440, 465).** |

KC 20251929.1

| 5 | Christi S. Asbe, Accreditation Manager for the KHP [expect to call, in part for proffer of testimony] | KHP policies and practices, KHP Academy & CALEA certifications and best practices in law enforcement policies. A synopsis is Jones' Exh. 2, Case No. 6:19-CV-01343, Doc. 296-7 & Doc. 322-4 | **Plaintiffs incorporate the objections raised in their prior Motion in Limine and Suggestions in Support (Doc. ##305, 306) and the Court's ruling on same (Doc. #466). Testimony from Ms. Asbe has already been excluded per the Court's Order at Doc. #466. Testimony from Ms. Asbe is irrelevant to the claims against Defendant Jones and therefore should be excluded under FRE 403. Defendant has not stated with the required specificity the topics to which Ms. Asbe would be expected to testify that fall outside the Court's order. Testimony should also be excluded on that ground.** |
| 6 | Jason De Vore, KHP [may call if the need arises] | KHP organization (including trooper supervision), KHP's PSU and absence of the unconstitutional policy or practice alleged by plaintiffs. He may testify to the same facts described for Col. Jones. | **To the extent that Jason De Vore will testify regarding the same topics as Herman Jones, this testimony is cumulative and unnecessary and should be excluded under Rule 403.** |
| 7 | Mitchell Clark, KHP [may call if the need arises] | KHP's PSU and its investigations and investigatory processes. He may testify that he collected and reviewed the PSU records and found no evidence of verified complaints of the behaviors asserted as policy or practice by Plaintiffs, listed in the synopsis of Co. Jones' expected testimony. | **To the extent Mitchell Clark will testify regarding the same topics as Herman Jones, this testimony is cumulative and unnecessary and should be excluded under Rule 403.** |

KC 20251929.1

| 8 | Greg Jirak, KHP [may call if the need arises] | The areas of testimony designated by Jones from Jirak's deposition if the deposition testimony is not received. | **Plaintiffs object on the grounds that to date, Defendant has not designated any deposition testimony from Greg Jirak. Without any previously-made designations, Defendant has failed to articulate the topics of testimony for this witness with the specificity required under Rule 26. Testimony from this witness should therefore be excluded.** |
|---|---|---|---|
| 9 | Justin Rohr [may call if the need arises] | The areas of testimony designated by Jones from Rohr's deposition if the deposition testimony is not received. More specifically, regarding the Ehrich stop and Rohr's reasonable suspicion for the detention and canine sniff (which resulted in an alert for narcotics). Rohr may testify that he possessed reasonable suspicion to call for a canine sniff. He is expected to testify walking to the vehicle after it pulled over, Rohr smelled the odor of very recently applied fresh paint or bondo at the rear of the Winnebago where spare tires are frequently mounted and where it appeared that the vehicle had been painted over with white paint; Erich said he had recently purchased the older model Winnebago Chalet; Rohr's training and experience was hidden compartments are frequently added by smugglers to older model, recently purchased, larger vehicles to transport illegal drugs; It was early in the morning and still dark. Rohr's training and experience is that | **Plaintiffs object on the grounds that to date, Defendant has not designated any deposition testimony from Justin Rohr.** |

| | | | |
|---|---|---|---|
| | | people trafficking illegal narcotics will sometimes travel overnight to attempt to avoid law enforcement because the least amount of law enforcement is out and present; After inquiring about the fresh paint/bondo smell, Rohr did not find credible the driver's and passenger's denial of knowledge of recent painting because they said the Winnebago had been purchased, not just a few days before, but about a month earlier; Rohr also saw white paint on Mr. Erich's hand suggesting he had done the painting, but again was not being honest; They said that they were traveling from Colorado to Alabama, which added circumstances consistent with Rohr's suspicions because Colorado was a source state for illegal narcotics at the time. He is expected to testify the fact that they had a Colorado temporary plate was not one of the things that led to his suspicions to detain the Winnebago. Likewise, he is expected to testify that the fact that someone is from Colorado, in and of itself, was a factor in the reasonable suspicions that he formed. | |
| 10 | Ryan Wolting, KHP [may call if the need arises] | The areas of testimony designated by Jones from Wolting's deposition if the deposition testimony is not received. | **Plaintiffs object on the grounds that to date, Defendant has not designated any deposition testimony from Ryan Wolting. Without any previously-made designations, Defendant has failed to articulate the topics of** |

KC 20251929.1

| | | | **testimony for this witness with the specificity required under Rule 26. Testimony from this witness should therefore be excluded.** |
|---|---|---|---|
| 11 | Andrew Bouse, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 5/16/2020 traffic stop and events] | Agronick stop on May 16, 2020, citation he issued and dashcam of stop. Agronick was ticketed after speeding in excess of 100 mph. Agronick provided an unbelievable explanation for his high speed. Bouse will testify to the absence of a post-stop questioning or detention. The dashcam video of the stop will be identified. | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |
| 12 | Koehn, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 5/17/2020 traffic stop and events] | Agronick stop on May 17, 2020, citation he issued and dashcam of stop. Agronick was ticketed after speeding in excess of 100 mph. Agronick provided unbelievable explanation for his high speed that he was just inattentive. Koehn will testify to absence of a post-stop questioning or detention. The dashcam video of the stop will be identified. | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |
| 13 | Adam Simone, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 4/6/2018 traffic stop and events] | Banks stop, detention, search and arrest on 4/6/2018. Simone may testify that he possessed reasonable suspicion to detain Banks for canine sniff based on his observations and discussions with Banks and that the dog alerted to narcotics, with the search of Banks; vehicle he found a firearm and | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |

KC 20251929.1

| | | information connected Banks to the weapon; and that he arrested Banks for felon in possession of a firearm, and issued a warning of traffic citations. The dashcam video of the stop will be identified. | |
|---|---|---|---|
| 14 | C. A. McGee, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 3/23/2020 traffic stop and events] | Canfield stop, detention and arrest on 3/23/2020. McGee may testify that he asked for permission to search Canfield's vehicle based on his observations and discussions with Canfield and that in the search of Canfield's vehicle they found about 4 lbs of marijuana, THC wax and drug paraphilia, which Canfield admitted were his; and that Canfield was released pending charges, with a warning of traffic citations. The dashcam video of the stop will be identified. | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |
| 15 | Dylan Frantz, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 10/16/2015 traffic stop and events or regarding the 1/13/2020 traffic stop] | Dooley stop, detention and search on 10/16/2015. Frantz may testify that he possessed reasonable suspicion to detain Dooley from the smell of marijuana on Dooley and that Dooley started to attempt to flee, that Frantz arrested Dooley and that a search of Dooley's vehicle produced a bottle filled with marijuana. The dashcam video of the stop will be identified.

Johnson stop on 1/13/2020. Frantz may testify that he possessed reasonable | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |

| | | | |
|---|---|---|---|
| | | suspicion to investigate Johnson's vehicle from his observations and communication Johnson. | |
| 16 | Trooper Thornburg, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 12/2/2017 traffic stop and events] | English stop on 12/2/2017. The dashcam video of the stop will be identified. And Thornburg may testify that he issued a warning citation to the driver of the vehicle driven by Ms. English for failing to move to the left-hand lane when passing a stopped emergency vehicle | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |
| 17 | James McCord, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 5/27/2020 traffic stop and events] | Kelly stop and detention on 5/27/2020. McCord may testify that he possessed reasonable suspicion to detain Kelly for canine sniff based on his observations and discussions with Kelly and that he had observed Kelly following another vehicle too closely and issued a warning traffic citation. The dashcam video of the stop will be identified. | **No objection.** |
| 18 | C. Crittenden, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 9/17/2018 traffic stop and events] | King stop on 9/17/2018 and citation he issued. Crittenden may testify King was stopped (including is observation about the same) and ticketed for use of a wireless communication device while driving and warned for improper driving on laned road during an about 8-minute traffic stop. | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |

KC 20251929.1

| 19 | Mitchell Nollette, KHP [may call if the need arises and if Plaintiffs' introduce evidence regarding the 1/9/2020 traffic stop and events] | Parker stop and detention on 1/9/2020. Nollette may testify that Parker was stopped (including his observations about the same) and ticketed and warned for improper driving on laned road during and that Nollette had reasonable suspicion based on his observations and conversations with Parker to call for a canine sniff. | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |
|----|-----|-----|-----|
| 20 | Chandler Rule [former KHP trooper] [may call if the need arises and if Plaintiffs' introduce evidence regarding the 2/5/2021 traffic stop and events] | Dunn stop on 2/5/2021. The areas of testimony designated by Jones from Rule's deposition if the deposition testimony is not received. Rule may testify that he had reasonable suspicion to detain Dunn from his observations and communication with Dunn, but that she gave consent to a canine sniff and that dog altered to narcotics. Rule would testify no substances were found during a search, from which he concluded the smell to which the dog alerted was probably from the prior user of the rental vehicle. | **Plaintiffs object on the grounds that to date, Defendant has not designated any deposition testimony from Chandler Rule.** |
| 21 | S. Proffitt, KHP [may call if the need arises and if Plaintiffs' introduce evidence, over Defendant's objection, regarding the 2/5/2021 traffic stop and events] | Martinez stop on 9/5/2022. Proffitt may testify that he observed and ticketed Martinez for speeding and unregistered vehicle tag; that he possessed reasonable suspicion from his observations and communications with Martinez and his passenger for a canine sniff (including Martinez took an exit off I 70 at a place and manner | **No objection.** |

KC 20251929.1

|    |                                                                                                            |                                                                                                                                                                                                                                                                                                                                                                                                                                                                               |                                                                                                                              |
|----|------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------|
|    |                                                                                                            | suggesting an attempt to avoid being stopped and offered an unbelievable explanation). The dashcam video of the stop will be identified                                                                                                                                                                                                                                                                                                                                         |                                                                                                                              |
| 22 | Philip Baker, Jr., KHP                                                                                     | Savage stop, detention and search on 12/6/2018. Baker may testify that Savage was stopped for traffic violations (including his observations about the same) and that Baker formed reasonable suspicion/probable cause based on his observations and conversation with Baker (including strong odor of marijuana) of criminal activity, and that a search of the vehicle located substantial amounts of marijuana, THC and probable LSD, and that he arrested Savage. The dashcam video of the stop will be identified. | **Defendant indicated through his counsel via email on 4/7/23 that he does not intend to call this witness.** |
| 23 | Witnesses needed, if any, to establish foundation for exhibits listed below [may call if the need arises] |                                                                                                                                                                                                                                                                                                                                                                                                                                                                               |                                                                                                                              |

12

**Exhibits**

| | Description | Plaintiffs' Objections |
|---|---|---|
| 901 | 901_training materials.pdf<br>[See Jones' Exhibit 1-1, Case No. 6:19-CV-01343, Doc. 296-3] | |
| 902 | 902_ KHP policy ENF-01.pdf<br>[See Jones' Exhibit 1-2, Case No. 6:19-CV-01343, Doc. 296-4] | |
| 903 | 903_KHP policy ENF-01.pdf<br>[See Jones' Exhibit 1-3, Case No. 6:19-CV-01343, Doc. 296-5] | |
| 904 | 904_ KHP policy OPS-39.pdf<br>[See Jones' Exhibit 1-4, Case No. 6:19-CV-01343, Doc. 296-6] | |
| 905 | 905_KHP policy FOR-44.pdf<br>[See Attachment to Ganieany declaration, Case No. 6:19-CV- 01343, Doc. 325] | |
| 906 | 906_Email chains.pdf<br>[See Jones' Exhibit 9-1, Case No. 6:19-CV-01343, Doc. 296-15] | **Inadmissible hearsay under FRE 801.** |
| 907 | 907_Significant seizures summary.pdf<br>[See Jones's Exhibit 12, Case No. 6:19-CV-01343, Doc. 296-18] | **Inadmissible hearsay under FRE 801. Irrelevant under FRE 401.** |
| 908 | 908_Plaintiffs' responses to Jones' interrogatories.pdf | |
| 909 | 909_Erich citation.pdf | |
| 910 | 910_Rpt and narrative Rohr.pdf [See OAG5990-91] | |
| 911 | 911_KDOT maps.pdf<br>[See KDOT maps 2021 and 2020 Traffic Count Maps, Kansas State Highway System, https://www.ksdot.org/burtransplan/maps/mapstrafficdist.asp] | **Plaintiffs object that there are multiple traffic count maps for the years cited at the link Defendant cites. Plaintiffs object to the extent that Exhibit 911 was not produced in discovery. Plaintiffs object that Exhibit 911 contains inadmissible hearsay under FRE 801. Also lacks foundation.** |
| 912 | 912_KDOT traffic maps.pdf<br>[See KDOT 2021 and 2020 Traffic Count Inset Maps, https://www.ksdot.org/burtransplan/maps/mapstrafficdist.asp] | **Plaintiffs object that there are multiple traffic maps for the years cited at the link Defendant cites. Plaintiffs do not see any maps titled "Inset Maps" at the link Defendant** |

| | | |
|---|---|---|
| | | cites. Plaintiffs object to the extent that Exhibit 912 was not produced in discovery. Plaintiffs object that Exhibit 912 contains inadmissible hearsay under FRE 801. Also lacks foundation. |
| 913 | 913_CALEA standards.pdf [See Standards 1.1.1, 1.1.3, 1.1.5, 1.2.4, 1.2.5, 1.2.8, 11.1.1, 11.3.1, 11.3.3, 12.1.2, 12.1.3, 26.1.1, 26.1.4, 26.1.6, 33.5.1, 33.5.2, 35.1.9, 41.1.2, 41.3.8, A 2.1.1, A 2.1.2, A 2.1.3, A 4.6.3, A 4.6.4, A 4.6.5, A 4.6.6, A 8.1.3, C 3.6.1, C 3.6.4, C 3.6.5, C 3.6.6, C 3.6.7, C 3.6.8] | Irrelevant under FRE 401. Testimony regarding CALEA standards or compliance has been deemed inadmissible. (*See* Doc. #466.) |
| 914 | 914_KHP policies.pdf [See AAA-02, ACA-01, ADM-01, ADM-02, ADM-07, ADM-10, ADM-32, ROC-04, ROC-05, ROC-09, ENF-01, ENF-03, FOR-33, FOR-44, FOR-52, OPS-03, OPS-39, EQP-04, HP-141] | Plaintiffs object to pages 34-39 of Ex. 914 which are not KHP policies but instead appear to be civil forfeiture case filings. Plaintiffs object to those pages as inadmissible hearsay under FRE 801 and irrelevant under FRE 401. Moreover, they are incomplete and confusing within Exhibit 914. |
| 915 | 915_Instructor Development Curriculum.pdf | Inadmissible hearsay under FRE 801. Irrelevant under FRE 401. Plaintiffs also anticipate a lack of foundation for its admission. |
| 916 | 916_Exemplar lesson plans.pdf [see OAG476; OAG1228] | Plaintiffs object to OAG1228; this is an unsigned document, and Plaintiffs anticipate a lack of foundation for its admission. Plaintiffs also object to its relevance under FRE 401. |
| 917 | 917_Legal update.pdf [See OAG28966-70} | To the extent that Defendant intends to offer this exhibit for the truth of the matters asserted therein, Plaintiffs object on hearsay grounds under FRE 801. This is also an incomplete exhibit. Plaintiffs also object to the relevance of the exhibit, as specified in the limited Bates ranges provided. |

14

| 918 | 918_digiTicket data summaries.pdf [see OAG26497-99] | **To the extent that Defendant intends to offer this exhibit for the truth of the matters asserted therein, Plaintiffs object on hearsay grounds under FRE 801. Plaintiffs also object to lack of foundation.** |
|---|---|---|
| 919 | 919_contraband seizures summary.pdf [see OAG236782] | |
| 920** | 920_Journal entries.pdf<br>Journal entries in *State v. $27,000.00 in U.S. Currency*, 19-cv- 14 Wabaunsee County, dated 7/2/2019; and *State v. $16,000 in US Currency*, 19-cv-32 Wabaunsee County, dated 11/8/2019 | **Inadmissible hearsay under FRE 801. Irrelevant under FRE 401. In addition, copies of exhibits provided by Defendant Jones do not include Exhibit 920.** |
| 921** | 921_Guidance for Patrol Canines.pdf [referenced in Aden report and produced by Plaintiff] | **Inadmissible hearsay under FRE 801.** |
| 922** | 922_Agronick dashcam my16.mp4 | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 923** | 923_Austin Agronick citation/comments.pdf [see OAG23561-62] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 924** | 924_CAD report re Agronick.pdf [See OAG23563-64] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 925** | 925_Agronick dashcam my17.mp4 | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 926** | 926_Tory (or Torrey) Banks citation.pdf [see OAG23633] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 927** | 927_CAD report re Banks.pdf [See OAG 23634-37] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 928** | 928_Banks standard arrest rpts.pdf [see OAG23624-32] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 929** | 929_Banks dashcam.mp4 | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 930** | 930_Darren Canfield standard arrest rpts.pdf [See OAG23572-81] | **Defendant indicated through counsel, via email on 4/7/23, that he does not** |

| | | intend to use this exhibit. |
|---|---|---|
| 931** | 931_Darren Canfield citation.pdf [See OAG23582] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 932** | 932_CAD reports re Canfield.pdf [See OAG23583-85] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 933** | 933_Canfield dashcam.mp4 | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 934** | 934_Quinton Dooley citation.pdf [see OAG 23610-11] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 935** | 935_Quinton Dooley standard arrest rpts.pdf [see OAG23604-09] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 936** | 936_CAD re Dooley.pdf [see OAG 23612-14] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 937** | 937_Dooley dashcam.mp4 | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 938** | 938_Dunn citation.pdf | |
| 939** | 939_Dunn CAD report.pdf | |
| 940** | 940_Dunn dashcam.mp4 | |
| 941** | 941_English dashcam.mp4 | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 942** | 942_CAD reports re Johnson.pdf [see OAG23615-16] | **Plaintiffs object that Defendant Jones has not provided a copy of Exhibit 942 with his trial exhibits.** |
| 943** | 943_Daniel Kelly citation.pdf [see OAG23568] | |
| 944** | 944_CAD reports re Kelly.pdf [see OAG23569-23570] | |
| 945** | 945_Kelly dashcam.mp4 | |
| 946** | 946_Anne King citation.pdf [see OAG23558] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 947** | 947_CAD report re King.pdf [see OAG23559-23560] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 948** | 948_Virgil Parker, Jr. citation.pdf [see | **Defendant indicated through counsel,** |

KC 20251929.1

| | OAG23638] | via email on 4/7/23, that he does not intend to use this exhibit. |
|---|---|---|
| 949** | 949_CAD report re Parker.pdf [see OAG23639-40] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 950** | 950_Savage standard arrest rpts.pdf [see OAG23619-23] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 951** | 951_CAD report re Savage.pdf [see OAG23617-18] | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 952** | 952_Savage dashcam.mp4 | **Defendant indicated through counsel, via email on 4/7/23, that he does not intend to use this exhibit.** |
| 953** | 953_Curtis Martinez citation.pdf [copy produced 4/6/2023] | |
| 954** | 954_Martinez stop dashcam.mp4 [copy produced 4/6/2023] | |
| 955** | 955_SafeGraph methodology.pdf [See https://docs.safegraph.com/docs/monthly-patterns (carrier_name); https://docs.safegraph.com/docs/places-base- attributes; https://www.safegraph.com/about; https://docs.safegraph.com/docs/monthly-patterns#section- privacy; https://docs.safegraph.com/docs/patterns-summary- statistics; https://docs.safegraph.com/docs/monthly-patterns#section-using-census-block-groups; https://docs.safegraph.com/docs/faqs#section-how-do-i-work- with-the-patterns-columns-that-contain-json-; https://docs.safegraph.com/docs/places-data-evaluation; https://docs.safegraph.com/docs/monthly-patterns] | **Inadmissible hearsay under FRE 801. Irrelevant under FRE 401 as dated April 13, 2023. In addition, lacks foundation in that the link provided here goes to a page that says:**<br><br>SAFEGRAPH<br><br>Page Not Found |

Respectfully submitted by,

**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF KANSAS**
s/ Sharon Brett
Sharon Brett                              KS # 28696
Kunyu Ching                               Pro Hac Vice
10561 Barkley Street, Suite 500
Overland Park, KS 66202
Phone: (913) 490-4110
Fax: (913) 490-4119
sbrett@aclukansas.org
kching@aclukansas.org

**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION**
Brian Hauss                               *Pro Hac Vice*
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

and

**SPENCER FANE LLP**
s/ Madison A. Perry
Leslie A. Greathouse                      KS # 18656
Patrick McInerney                         KS # 22561
Madison A. Perry                          KS # 27144
Olawale O. Akinmoladun                    KS # 25151
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com

*Attorneys for Plaintiffs*

KC 20251929.1

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 17th day of April 2023, a copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record.


                            s/ Madison A. Perry
                            Attorney for Plaintiffs

KC 20251929.1