IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BLAINE FRANKLIN SHAW, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-1343-KHV |
| | ) | |
| **ERIK SMITH, in his official capacity as the Superintendent of the Kansas Highway Patrol, et al.,** | ) ) ) | |
| Defendants. | ) | |
| | ) | |
| **MARK ERICH, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1067-KHV |
| | ) | |
| **ERIK SMITH, in his official capacity as the Superintendent of the Kansas Highway Patrol,** | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Response To November 1, 2023 Memorandum And Order (Doc. #576) filed November 9, 2023, Defendant's Response To November 1, 2023 Memorandum And Order And Agenda Of Unresolved Issues (Doc. #577) filed November 10, 2023, Plaintiffs' Motion To Strike Defendant's Response As Untimely (Doc. #578 in No. 19-1343 and Doc. #125 in No. 20-1067) filed November 13, 2023 and Defendant's Response to Plaintiffs' Motion To Strike Defendant's Response As Untimely And Motion For Leave To File Out Of Time (Doc. #580 in No. 19-1343 and Doc. #127 in No. 20-2067) filed November 13, 2023. For reasons stated below, the Court overrules plaintiffs' motion to strike, sustains defendant's motion for extension of time and contemporaneously with this order, enters a

permanent injunction against the Kansas Highway Patrol ("KHP").

## Factual And Procedural Background

The Court incorporates by reference its findings of fact and conclusions of law set forth in the Memorandum And Order And Order To Show Cause (Doc. #539) filed July 21, 2023.

The Court previously held that in violation of the Fourth Amendment and Vasquez v. Lewis, 834 F.3d 1132 (10th Cir. 2016), defendant was responsible for a policy or practice which unlawfully detains motorists in Kansas (especially out-of-state motorists) without reasonable suspicion or consent, based on out-of-state residency and—to more than a minimal extent—based on travel plans that are not implausible or inherently contradictory. Memorandum And Order And Order To Show Cause (Doc. #539) at 75. It also held that in violation of the Fourth Amendment, defendant was responsible for a policy or practice of using the Kansas Two-Step to extend traffic stops of motorists in Kansas without reasonable suspicion and without the motorists' knowing, intelligent and voluntary consent. Id. To remedy these violations, the Court ordered that the parties show cause why it should not enter the injunction outlined in the order. Id. at 76–79.

The parties responded on August 3, 21 and 28, 2023. On August 30, 2023, the Court preliminarily overruled defendant's general objections that (1) injunctive relief should be denied because plaintiffs failed to establish the absence of an adequate legal remedy for any potential future violation of their Fourth Amendment rights during a traffic stop; (2) the Court did not properly apply the test for irreparable harm; and (3) the proposed injunctive relief was "unduly burdensome" and not "narrowly tailored" to the violations at issue here. Order (Doc. #550) at 2.

On September 11, 2023, the Court held a hearing and further addressed the parties'

proposals and objections to the form of the proposed injunction. The Court directed the parties to file supplemental memoranda on the scope of the proposed injunction and to submit agreed administrative forms that the Court could require to implement the terms of the injunction.

On November 1, 2023, the Court more fully set forth its reasoning in overruling the objections to the injunction stated in Defendant's Response To The Order To Show Cause Why The Court Should Not Enter The Proposed Injunction (Doc. #547) filed August 21, 2023 and resolved the parties' competing arguments about the scope of the injunction, the documentation requirements for vehicle stops and the requirements for supervisor training. See Memorandum And Order (Doc. #575) filed November 1, 2023. The Court also ordered the parties to submit an agreed permanent injunction which was consistent with the Court's rulings on plaintiffs' request for injunctive relief and—if they could not agree on the form of the injunction—that they file no later than 5:00 PM on November 9, 2023, the competing versions of the injunction and forms, as well as an agenda of any unresolved issues which the Court could address at a status conference on November 14, 2023. See id. at 15. Plaintiffs submitted a timely response and proposed form of the permanent injunction. See Plaintiffs' Response To November 1, 2023 Memorandum And Order (Doc. #576). On November 10, 2023, some ten hours after the deadline, defendant filed a response and proposed form of the permanent injunction. See Defendant's Response To November 1, 2023 Memorandum And Order And Agenda Of Unresolved Issues (Doc. #577). After reviewing the parties' filings, the Court determined that further argument and a status conference on the limited unresolved issues was unnecessary and would not materially assist the Court in determining the terms of the permanent injunction. The Court therefore cancelled the status conference.

## Analysis

**I.      Plaintiffs' Motion To Strike**

Plaintiffs seek to strike defendant's untimely response on the remaining issues related to the injunction and required forms.  Belatedly, defendant seeks an extension of time to file the response.  Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B); see also D. Kan. Rule 6.1(a) (motion for extension of time must be filed as soon as practicable and "in no event less than 3 days before the specified time").

   A.      Prejudice To Plaintiffs

Plaintiffs have not identified any specific prejudice due to the untimeliness of defendant's response.  Indeed, to the extent that defendant has valid objections, plaintiffs could benefit if the Court addressed them before entry of the injunction.  This factor does not favor either party.

   B.      Length Of Delay And Impact On Judicial Proceedings

The delay in this case was some ten hours (from 5:00 PM on November 9 to 3:22 AM on November 10), which is extremely short.  No court was scheduled during that period, and the delay did not significantly impact judicial proceedings.  This factor favors defendant.

   C.      Reason For The Delay And Whether It Was In Defendant's Control

Defense counsel explains that negotiations between the parties did not break down until roughly two hours before the deadline to file a response.  Defense counsel states that because of a severe staffing shortage, he was simply unable to complete the response by the deadline. Defense counsel fails to explain why he did not inform opposing counsel or the Court before he

filed the untimely response or why he did not request leave to file the untimely response before plaintiffs filed a motion to strike. Estimating the amount of time required to file a response and seeking leave of Court to file the motion was within defendant's control. This factor weighs strongly in favor of plaintiffs.

D. Whether Movant Acted In Good Faith

The record contains no evidence that defendant acted in bad faith. Accordingly, this factor favors defendant.

E. Balancing Of Factors

Defendant has presented a poor excuse for untimely filing his response. Cf. Ghamrawi v. Case & Assocs. Props. Inc., 116 F. App'x 206, 210 (10th Cir. 2004) (no excusable neglect where counsel simply disregarded deadline because of workload). Because of the public interest in the injunction, the short delay and the lack of prejudice to plaintiffs, however, the Court sustains defendant's motion to extend the deadline and overrules plaintiffs' motion to strike.

**II. Scope Of The Injunction**

Plaintiffs' proposed injunction applies to all KHP activities on I-70, I-35, U.S. Route 54 and U.S. Route 36. See Proposed Permanent Injunction (Doc. #576-1) at 2. For reasons stated earlier, the Court limits the scope of injunctive relief to plaintiffs' proposed class at the time of the stipulation, i.e. "all persons in the United States who travel[] in Kansas on I-70, I-35, U.S. Route 54 or U.S. Route 36 as a motorist or passenger, [a]re actually or appear[] to be driving to or from Colorado, in a vehicle with license plates from a state other than Kansas, who [a]re stopped, detained by the KHP and subjected to searches of their vehicles or persons by a canine but [a]re not subsequently convicted of a crime as a result of the stop, detainment, arrest, or search by the

KHP."[1]   Memorandum And Order (Doc. #575) at 3 (quoting Plaintiffs' Motion For Class Certification (Doc. #80) filed November 9, 2020 at 2).  The Court therefore adopts defendant's proposed version of the scope of the injunction which incorporates this ruling.

## III.   Documentation Requirements

The proposed injunction requires documentation of all "investigatory stops."  Plaintiffs propose that an "investigatory stop" be defined "to include any traffic stop in which a trooper detains a vehicle and its occupants."  Proposed Permanent Injunction (Doc. #576-1) at 3 n.2.  Defendant proposes that an "investigatory stop" includes "any traffic stop in which a trooper detains a vehicle and its occupants to initiate inquiry into a traffic violation."  Proposed Permanent Injunction (Doc. #577-1) at 4 n.2.  Consistent with this Court's prior rulings, the Court agrees with defendant's proposed language defining the phrase "investigatory stop."  See Memorandum And Order (Doc. #575) at 14 (injunction will require KHP troopers to document "any stop in which a trooper detains a vehicle and its occupants to initiate inquiry into a traffic violation"); Order (Doc. #575) at 14 (absent agreement, provision will apply to "any stop in which a trooper detains a vehicle and its occupants to initiate inquiry into a traffic violation.").

Plaintiffs propose that the injunction require KHP to "create and maintain a log which lists each request to re-engage a driver or occupant of a vehicle for additional questioning following an investigatory stop, the trooper who made the request, the response received, and resulting action taken."  Proposed Permanent Injunction (Doc. #576-1) at 10.  Defendant objects because the Court did not specifically include this requirement in its prior orders.   See Defendant's Response

---

[1]   The injunction does not apply to KHP stops of (1) defendants and their affiliates, parents, subsidiaries, employees, officers, agents and directors and (2) judicial officers presiding over this matter and members of their immediate families and judicial staff.

To November 1, 2023 Memorandum And Order And Agenda Of Unresolved Issues (Doc. #577) at 2.  Even though the Court did not previously include this requirement in the proposed injunction, such a requirement is necessary and appropriate to implement the terms of the injunction and ensure KHP compliance.

The proposed injunction requires KHP to create and maintain a log of trooper requests to conduct a vehicle search.  In addition, as explained above, the Court will include a requirement that KHP maintain logs of trooper requests to re-engage a motorist for additional questioning.  Plaintiffs propose that the injunction also require KHP to submit these logs to the Court for review on a quarterly basis.  See Proposed Permanent Injunction (Doc. #576-1), Sections III.b.iii. and III.c.iii.  Defendant argues that the Court's prior orders do not include any such requirement.  The Court anticipates that KHP's report under the injunction's data analysis and reporting requirements (Section III.d.) will adequately summarize the data in the underlying logs and apprise the Court of KHP trooper compliance with the terms of the injunction.  Even so, the Court will require that KHP submit the logs along with its quarterly report so that (1) the Court can review the logs as necessary and (2) members of the public can have access to both the quarterly reports and the underlying logs.

As part of the KHP report of data analysis, KHP shall submit quarterly reports which "analyze the data and identify steps taken to correct any identified problems."[2]

The proposed injunction requires KHP to submit quarterly reports of its data analysis.

---

[2] The Court rejects plaintiffs' suggested language which is not materially different than the above language.  See Proposed Permanent Injunction (Doc. #576-1) at 10 (reports shall "identify and examine trends in the reports and data identified above and present steps taken to correct any identified problems").

Plaintiffs propose that the first report be due within 90 days "of the effective date of this Agreement[sic]."  Proposed Permanent Injunction (Doc. #576-1) at 10.   Defendant proposes that the first report be due 90 days after "the Court's approval of the proposed format for the analysis and report."  Proposed Permanent Injunction (Doc. #577-1) at 11.   The data analysis in the first report shall cover the data for the first 90 days after the effective date of the injunction.   Because KHP will need some period after the end of the 90 days to analyze and prepare a report of the data, it shall submit the first quarterly report within 30 days after the end of the first 90-day reporting period, i.e. 120 days after the effective date of the injunction.

### IV.     Form HP-141

Defendants propose to use Form HP-141 to document vehicle detentions.   Form HP-141 (Doc. #577-2).   Plaintiffs object to the form and seek to modify it.   Initially, plaintiffs object to Form HP-141 because contrary to Vasquez v. Lewis, 834 F.3d 1132 (10th Cir. 2016), and the Court's factual findings and conclusions, the form includes space for a trooper to note the motorist's origin and travel plans.  Plaintiffs' Response To November 1, 2023 Memorandum And Order (Doc. #576) at 3.   Vasquez and the Court's prior rulings, however, do not categorically prohibit an officer from considering a driver's travel plans as factors contributing to reasonable suspicion.  Memorandum And Order And Order To Show Cause (Doc. #539) at 63–64.   For example, "implausible travel plans" or "indicators of deceptiveness in a driver's answers" can contribute to reasonable suspicion.  Id. at 64.   The Court therefore overrules plaintiffs' first objection.

Next, plaintiffs object that Form HP-141 contains a checklist of possible reasonable suspicion factors (e.g. "conflicting stories," "vehicle alterations", etc.) which "amounts to KHP

leadership spoon-feeding troopers justification for their actions." Plaintiffs' Response To November 1, 2023 Memorandum And Order (Doc. #576) at 3. The form requires that if a trooper checks a box for one of the reasonable suspicion factors, he or she must "describe all factors in the officer's narrative section." Form HP-141 (Doc. #577-2) at 1. This requirement is sufficient to ensure that an officer state how the factor applied in the context of the specific detention. In addition, the list of potential factors tends to reinforce officer training on permissible factors for troopers to consider in the reasonable suspicion analysis. The Court therefore overrules plaintiffs' objection.

Plaintiffs also propose to modify Form HP-141 so that it requires the trooper "to obtain and attach a copy of any K-9 Unit Deployment Reports" by the end of the trooper's shift or as soon as such reports are available. Plaintiffs' Response To November 1, 2023 Memorandum And Order (Doc. #576), Exhibit B, Part 3. Defendant objects because KHP frequently uses outsides agencies such as local police departments to conduct canine searches and "it is possible" that some agencies will not agree to provide copies of reports to KHP. Defendant's Response To November 1, 2023 Memorandum And Order And Agenda Of Unresolved Issues (Doc. #577) at 4. KHP states that it should not be put in a position where its compliance with the injunction depends on the cooperation of other agencies who are not parties to this lawsuit or subject to the injunction. Previously in this case, KHP disclosed numerous reports from it and other law enforcement agencies that documented canine sniffs during KHP traffic stops. Memorandum And Order And Order To Show Cause (Doc. #539) at 11 n.19. On this record, the Court rejects KHP's unsupported hypothesis that law enforcement agencies which perform canine sniffs will refuse to

provide the reports in question.³ Even so, KHP should have reasonable period to obtain the report and it will modify the form at the end of Part 3, to add "Obtain and attach a copy of any K-9 Unit Deployment Reports to this HP-141 (if unavailable by end of shift, obtain and submit within seven days)."⁴

Consistent with the above rulings and the parties' proposed injunctions and contemporaneously with this order, the Court will enter a permanent injunction against KHP. The Clerk will enter final judgment after entry of the permanent injunction.

**IT IS SO ORDERED**.

**IT IS FURTHER ORDERED** that <u>Plaintiffs' Motion To Strike Defendant's Response As Untimely</u> (Doc. #578 in No. 19-1343 and Doc. #125 in No. 20-1067) filed November 13, 2023 is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendant's Response to Plaintiffs' Motion To Strike Defendant's Response As Untimely And Motion For Leave To File Out Of Time</u> (Doc. #580 in

---

³ The Court also overrules KHP's objection that the requirement to attach the K-9 Unit Deployment Report will not promote any purpose of the injunction. Consistent with the data analysis and reporting requirements in the injunction, the K-9 Unit Deployment Report is necessary to address the Fourth Amendment violations by extending traffic stops to conduct a canine sniff and ensure KHP compliance with the other terms of the injunction.

⁴ Defendant has not specifically responded to several of plaintiffs' suggestions which the Court finds make Form HP-141 more user-friendly. The Court therefore directs KHP to modify the form as follows: (1) in Part 2, delete "Describe all factors in the Officer's Narrative Section:" and insert "In Officer Narrative section below, describe with particularity the factors and circumstances that (a) gave rise to reasonable suspicion to detain the motorist and/or (b) gave you probable cause to search the vehicle", (2) in Part 3, delete "All Supporting Reasonable Suspicion" and insert "All Factors Supporting Reasonable Suspicion", and (3) in Part 3 before the words "Probable Cause Search" on page 3, insert a banner for "Part 4 – Vehicle Search", as indicated in plaintiffs' suggested form (Doc. #576-2).

No. 19-1343 and Doc. #127 in No. 20-2067) filed November 13, 2023 is **SUSTAINED**.

Dated this 20th day of November, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
