**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BLAINE FRANKLIN SHAW, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ERIK SMITH in his official capacity as the Superintendent of the Kansas Highway Patrol, *et al.*,<br><br>*Defendants*. | **Case No. 19-1343-KHV-GEB** |
| MARK ERICH, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ERIK SMITH, in his official capacity as the Superintendent of the Kansas Highway Patrol,<br><br>*Defendant.* | **Case No. 20-1067-KHV-GEB** |

**CONSENT ORDER AND JUDGMENT**

Plaintiffs Blaine Shaw, Samuel Shaw, Joshua Bosire, Mark Erich, and Shawna Maloney (hereinafter "Plaintiffs") filed a civil action in this Court against Defendant Erick Smith, in his official capacity as the Superintendent of the Kansas Highway Patrol ("KHP") (hereinafter "Defendant").

After two jury trials and one bench trial, this Court entered a permanent injunction against KHP on November 20, 2023. Doc. 882. Defendant Smith appealed the injunction to the Tenth Circuit Court of Appeals. The Tenth Circuit issued an opinion in this matter on January 29, 2026, affirming in part and reversing in part the Court's permanent injunction, and remanding the matter

for further proceedings consistent with the Tenth Circuit's opinion. Doc. 634 at 49. This Consent Order and Judgment resolves this matter on remand.

**I. Scope and Applicability**

1. The purpose of this injunction is to remedy the constitutional violations by KHP addressed by the Tenth Circuit's opinion regarding KHP's improper consideration of a driver's state of origin as a factor in determining reasonable suspicion during a traffic stop. Doc. 634.

2. This injunction applies to all persons in the United States who travel in Kansas as a motorist or passenger.

3. This injunction binds the actions of Erik Smith, Superintendent of the KHP, his successors, and all KHP troopers.

4. This injunction shall be effective on the date it is entered by this Court.

5. The remedial provisions of this injunction, set forth in Section III, shall remain in place for four years. If the KHP is able to prove that it has achieved all objectives and directives of this injunction, the Court may dissolve it at an earlier date, but no earlier than two years from its effective date. If the KHP has not achieved full and effective compliance with all the objectives and directives of this injunction at four years from this effective date, the Court in its discretion may extend the length of the injunction.

**II. Actions Permanently Enjoined**

6. It is hereby ORDERED, JUDGED and DECREED that when developing reasonable suspicion with regard to motorists, the KHP is enjoined from giving any weight to a driver's state of origin.

**III. Required Remedial Actions**

7. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Defendants take the following remedial actions for the term of this Consent Judgment as set forth in paragraph 5.

8. KHP will provide training on the irrelevance of a driver's state of origin to all troopers, including officers, within six months of this Consent Judgment.

9. KHP will amend the training discussed in paragraph 8 prior to providing the training, taking into consideration comments provided by Plaintiffs. Plaintiffs' comments do not indicate the Plaintiffs' or the ACLU of Kansas's endorsement of the KHP's training or any training, nor do they constitute legal advice.

10. KHP will provide the training discussed in paragraph 8 to all troopers on an annual basis for the term of this Consent Judgment.

11. KHP is required to maintain records of all training provided pursuant to this Consent Judgment including the content of the trainings and materials used in the training, attendees, date of training, and instructors for the training, for the period of four years from date of the training. Plaintiffs reserve the right to request copies of these training records on an annual basis during the term of this consent judgment and KHP will produce such records within 30 days of any such request.

12. Within one year from the entry of this Consent Judgment and then again on a date two years later, KHP will review the efficacy of the training discussed in this Consent Judgment to determine if training has been effective at ensuring compliance with the terms of the permanent injunction and to the extent any deficiencies are found, KHP will revise its training accordingly. As part of this review KHP will ensure that the training is effective and complies with this injunction, and KHP will keep and maintain records of this review for the term of this Consent Judgment.

13. In addition to the training discussed above, KHP will hold a one-hour training, to be provided to all troopers, to be presented by a consultant with expertise in constitutional law and policing who is mutually agreeable to the parties. The consultant will provide copies of any presentation or outline of materials the consultant intends to use before the training to KHP. Any training or guidance a consultant offers to KHP will be in the consultant's own capacity. Nothing the consultant says or does will bind Plaintiffs in this matter in any way nor will it prevent them from seeking relief if the terms of this injunction are violated and/or if KHP violates any constitutional or statutory rights of any individual or group of individuals, including but not limited to Plaintiffs in this case, in the future.

14. The training described in paragraph 13 will be on roadside detentions, with a focus on legal precedent from *Vasquez v. Lewis*, 843 F.3d 1132 (10th Cir. 2016), the Tenth Circuit opinion in this case (Doc. 634), and legal precedent related to topics including the Fourth Amendment, reasonable suspicion, state of origin, canine sniffs and probable cause. KHP will require all troopers to attend this training. The training will take place at a time mutually agreeable to the consultant and Defendant, but will occur no later than 6 months after the entry of this consent judgment.

## IV. OTHER TERMS AND CONDITIONS

15. The Court retains jurisdiction over this action for the purposes of monitoring and ensuring compliance with this injunction.

16. Each party shall bear its own costs and attorney's fees and expenses incurred by such party in connection with the appeal and remand of this case. The Court's Judgment and Order awarding fees and costs to Plaintiffs, at Documents 630 and 631, are final, and Defendants waive

any right or claim to seek a clawback, disgorgement or return of any fees or costs already paid as a part of this matter.

**IT IS SO ORDERED**

Dated this 16th day of October, 2026.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

Entry of this judgment is hereby consented to:

For Defendant:

/s/ David R. Cooper
**FISHER, PATTERSON, SAYLER & SMITH, LLP**
David R. Cooper, KS #16690
Charles E. Branson, KS # 17376
Daniel C. Sloan, KS #29193
3550 SW 5th Street
Topeka, KS 66606
Phone: 785-232-7761
Fax: 785-232-6604
dcooper@fpsslaw.com
cbranson@fpsslaw.com
dsloan@fpsslaw.com

Attorneys for Defendant Erik Smith

For Plaintiffs:

/s/Laura O'Reilly
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS**
Laura O'Reilly KS # 25856
Jessica Swonger KS # 31215
10561 Barkley St. Ste. 500
Overland Park, KS 66212
Phone: (913) 490-4107

Fax: (913) 490-4119
loreilly@aclukansas.org
jswonger@aclukansas.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Brian Hauss *Pro Hac Vice*
125 Broad Street, Floor 18
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
bhauss@aclu.org

**SPENCER FANE LLP**

Leslie A. Greathouse KS # 18656
Patrick McInerney KS # 22561
Madison A. Perry KS # 27144
Olawale O. Akinmoladun KS # 25151
Simrat Johal KS # 30264
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
lgreathouse@spencerfane.com
pmcinerney@spencerfane.com
mperry@spencerfane.com
wakinmoladun@spencerfane.com
sjohal@spencerfane.com

***Attorneys for Plaintiffs***